FILED

2015 MAY -7 P 1:

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO.** 3:15cv574-J-34MCR

GERALD ROLLE,
f/ka/ GERALD JEAN JACQUES,

Plaintiff

v.

SPECIALIZED LOAN SERVICING, LLC.,

Defendants.

**COMPLAINT**

**AND JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Florida Consumer Collection Practices Act, §§ 559.55-559.785 and breach of contract/settlement agreement.

3. Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff GERALD ROLLE f/k/a GERALD JEAN JACQUES (hereinafter "Plaintiff") is a natural person who resides in the County of Duval, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the Fair Debt Collection Practices Act (hereinafter "FDCPA") by virtue

of being directly affected by a violation of the Act, to wit Plaintiff received collection letters and statements from SPECIALIZED LOAN SERVICING, LLC (hereinafter "SLS") after SLS had previously waived any deficiencies on the loan.

5. SLS conducts business in the State of Florida, Duval County, and is a debt collector under 15 U.S.C. § 1692a(6).

6. SLS is a "debt collector" because it began servicing an account after Plaintiff was considered in default.

**FACTUAL ALLEGATIONS**

7. This action involves a "debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was primarily for personal, family, and/or household purposes. § 1692a(5).

8. On or about November 18, 2011, a foreclosure action ("Action") was filed by Deutsche Bank National Trust Company, As Trustee for the Certificateholders of the First Franklin Mortgage Loan Trust 2006-FF4, Mortgage Pass-Through Certificates, Series 2006-FF4 ("Deutsche") against Plaintiff for the property located at 3502 Hunt St., Jacksonville, FL 32254 ("Property").

9. On or about July 15, 2011 a fire broke out and burned down the Property.

10. A homeowner's insurance claim was made by Plaintiff through Liberty Mutual.

11. A check in the amount of $89,247.17 ("Check") was issued by Liberty Mutual and made out to "Bank of America Property Claims Department AND Gerald Jacques." (See Exhibit 1 attached).

12. On April 8, 2014, Plaintiff received written notification from SLS that it had taken over the servicing of the loan from Bank of America and that debtor was past due on the loan.

13. Plaintiff ultimately filed an action in this Court on or around June 30, 2014 against SLS alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

14. The parties subsequently settled the lawsuit, fully executed the agreement on January 8, 2015, and the case was subsequently dismissed.

15. Part of the settlement agreement included a release of lien and deficiency waiver due on the note and mortgage provision.

16. As part of the settlement agreement, Plaintiff quitclaimed the Property to SLS and said deed was recorded in the Duval County Public Records on January 27, 2015 at Book 17046, Page 1197.

17. On or about February 17, 2015, SLS mailed Plaintiff a letter informing her that the interest rate had changed with an updated principal balance.

18. On or about March 1, 2015, Plaintiff received a mortgage statement showing amounts that she was past due and that the letter read

TOTAL AMOUNT DUE: $40,002.09

PAYMENT DUE DATE: APRIL 1, 2015

19. On or about April 28, 2015, Plaintiff received a mortgage statement showing the amounts she was past due and that the letter read

TOTAL AMOUNT DUE: $10,398.67

PAYMENT DUE DATE: MAY 1, 2015

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

20. Plaintiff incorporates by reference Paragraphs 1-18 of the Complaint as though fully stated herein.

21. As detailed in the preceding paragraphs, SLS continues to collect on a debt it knows or should know is not legitimate.

22. As such, SLS intentionally/negligently violated the FDCPA in trying to collect the debt. § 1692(f)(1).

23. As a result of SLS actions, Plaintiff suffers from mental and physical distress as it was her understanding loan and Property with SLS had been resolved.

24. Plaintiff has been denied financing because of the misreporting of this loan on her credit report.

25. **Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

26. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully stated herein.

27. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiff was a "consumer," as Plaintiff was a natural person allegedly obligated to pay a debt as per SLS collection/demand letter.

28. At all times material, pursuant to section 559.55(6), Florida Statutes, SLS was a "debt collector," as SLS used an instrumentality of commerce for the purpose of collecting a debt, by mailing the mortgage statement, and as otherwise provided under the same statute.

29. Section 559.77(5), Florida Statutes, provides that interpretations of the federal courts relating to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") shall be given great weight when applying the provision of the FCCPA.

30. The note on which SLS attempted to collect money on is a "consumer debt" within the meaning of section 559.55(1), as the statement addressed an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

31. Section 559.72(9), Florida Statutes, prohibits a debt collector from trying to collect or enforce a debt when such entity knows or should know the right does not exist.

32. SLS intentionally and/or negligently attempted to collect a debt that was released per the settlement agreement between the parties.

33. As a result of SLS's actions, Plaintiff suffers from mental and physical distress, because Plaintiff believed the loan/Property with SLS to be resolved.

**Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## COUNT III: BREACH OF CONTRACT

34. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully stated herein.

35. SLS has breached the settlement agreement by continuing to send Plaintiff

statements regarding the loan and trying to collect on a debt that is no longer owed.

36. As part of the settlement agreement, both parties agreed that in the event a provision of the agreement was breached, the nonbreaching Party shall be entitled to pursue all remedies available in equity or at law and shall be entitled to reasonable attorneys' fees and costs thereof.

**Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a) judgment be entered against SLS for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled; and

b) judgment be entered against Defendants for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(5); for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees; injunctive and declaratory relief regarding further collection attempts; punitive damages and any and all other relief to which Plaintiff is entitled.

c) judgment be entered against Defendant for an award of actual damages for Plaintiff,

and any and all other relief to which Plaintiff is entitled.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**
/s/ Gregory S. Gilbert
Gregory S. Gilbert, Esq.
Florida Bar No. 085916
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
ggilbert@jaxlawcenter.com
**Trial Counsel for Plaintiff**

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA )
)
COUNTY OF DUVAL )

Plaintiff Gerald Rolle, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Gerald Rolle f/k/a Gerald Jacques

Subscribed and sworn to before me
this 30th day of April, 2015.

Notary Public

DEBORAH ANN VANSCHOOR
MY COMMISSION # FF 210666
EXPIRES: April 10, 2019
Bonded Thru Notary Public Underwriters